UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21319-CIV-GOLD/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH R. EDOUARD,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE comes before the Court on the Motion to Dismiss [DE 9] filed by Defendant on May 28, 2008. Plaintiff United States filed this action against Defendant Edouard R. Joseph[1] on May 6, 2008, alleging that Defendant is indebted to the United States for unpaid student loans. As stated in the Complaint, Defendant Joseph allegedly owes $75,035.19 in principal, plus interest at the rate of 8.25% per year in the amount of $35,005.91 as of April 21, 2008. Defendant allegedly is not on active military duty, and Plaintiff United States further alleges that although demand has been made upon the Defendant for the sum due, the amount remains unpaid. Defendant Joseph is proceeding pro se in this matter.

In Defendant Joseph's Motion to Dismiss, he argues that this case should be dismissed based on Plaintiff's lack of standing and lack of jurisdiction. In addition, Defendant argues that (1) he has filed a loan discharge application based on his

---

[1] Although the style of the Complaint names Joseph R. Edouard, the attachments to the Complaint, with one exception, refer to Defendant as Edouard R. Joseph, and in Defendant's Motion to Dismiss, he signs his name Edouard Joseph. As such, I refer to Defendant in this order as Edouard R. Joseph or Defendant Joseph.

university's false certification of Defendant's ability to benefit from the training, and (2) his prior military service and service during Desert Storm qualifies him for a partial cancellation of his student loans.

On a motion to dismiss, the court accepts a complaint's well-pleaded allegations as true. *Hoffend v. Villa (In re Villa)*, 261 F.3d 1148, 1150 (11th Cir. 2001). The court construes the pleadings broadly and views the allegations in the complaint in the light most favorable to the plaintiff. *Watts v. Fla. Int'l Univ., et al.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "more than mere labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Indeed, "a formulaic recitation of the elements of a cause of action will not do." *Watts*, 495 F.3d at 1295 (quoting *Bell Atlantic*, 127 S.Ct. at 1965).

Although the court does not analyze the probability of actual proof of the complaint's allegations on a motion to dismiss, a plaintiff must allege "'enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295. Under the law of this Circuit, the pleading must create "plausible grounds to infer." *Id.* Thus, a claim will survive a motion to dismiss if it identifies "facts that are suggestive enough to render [the element] plausible." *Id.* at 1296 (quoting *Bell Atlantic*, 127 S.Ct. at 1965).

Although Defendant Joseph argues that Plaintiff lacks standing, Plaintiff United States has alleged in the Complaint that it seeks money damages for the amount owed by Defendant to Plaintiff on federally guaranteed student loans. As such, Plaintiff has an injury that may be redressed by this action, and Plaintiff has standing to bring this case.

Similarly, although Defendant argues that the Court lacks jurisdiction, the Complaint alleges that jurisdiction exists under 28 U.S.C. 1345, which provides that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . ." 28 U.S.C. 1345. Because this is a civil action brought by the United States, this Court has subject matter jurisdiction over this case. In addition, Defendant Joseph is alleged to be a resident of the Southern District of Florida, and in his Motion, he represents that his address is in Boynton Beach, Florida.

Defendant Joseph moves to dismiss this action because he asserts that the university improperly certified his ability to benefit from the training, and Defendant has filed a loan discharge application based on this argument. In response, Plaintiff attaches a letter from the Department of Education denying Defendant Joseph's loan discharge application. Based on my review of this argument and the documents, this is a matter that is not appropriate for review on a motion to dismiss. Whether Defendant Joseph has a current loan discharge application pending and the status of such application or applications will require findings of fact and more information than that which is currently before the Court. As such, I deny the Motion to Dismiss on this ground. Defendant Joseph or Plaintiff may raise this issue on a motion for summary judgment or at trial, and the parties may file or present documents showing when Defendant submitted a loan discharge application or applications, and if any applications for discharge are currently pending.

In addition, Defendant argues that he is entitled to a partial cancellation of his student loans based on his military service and his service during Desert Storm. However,

Plaintiff argues that Defendant did not take on his student loans until 1993, after Operation Desert Storm, and that the Department of Education does not provide for partial cancellation of student loans based on service in Operation Desert Storm. Again, this matter would require findings of fact regarding the years of Defendant's military service, and no documentation on Defendant's military service is currently before the Court. Consequently, I deny the Motion to Dismiss on this ground as well, but the parties may raise this issue on a motion for summary judgment or at trial as explained above. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss [DE 9] is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida this __ day of September, 2008.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Chris M. McAliley
All counsel of record

From Chambers via U.S. Mail:

Edouard Joseph
10519 Pinetree Terrace
Boynton Beach, FL 33436